# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                      |   |                                 |
|--------------------------------------|---|---------------------------------|
| SHAUN A. ROGERS,                     | ) |                                 |
|     Petitioner,  | ) |                                 |
| v.                                   | ) | Civil Action No. 11-1356 (ABJ)  |
| UNITED STATES PAROLE COMMISSION,     | ) |                                 |
|     Respondent.  | ) |                                 |

## MEMORANDUM OPINION

On July 21, 2011, Shaun Rogers ("the petitioner") filed a petition for a writ of habeas corpus. The Court issued an order to show cause on July 29, 2011, and the government filed its response on August 30, 2011. The petitioner's reply, if any, was due not later than September 23, 2011, and to date he has not filed one.[1] For the reasons discussed below, the Court will deny the petition and dismiss this civil action.

## I. BACKGROUND

The petitioner was convicted of robbery, and in the Superior Court of the District of Columbia he was sentenced to a term of five years' imprisonment followed by a term of three years' supervised release. Gov't's Opp'n to Pet'r's Pet. for Writ of Habeas Corpus ("Gov't Opp'n"), Ex. A (Judgment, *United States v. Rogers*, No. F7179-03 (D.C. Super. Ct. Aug. 6,

---

[1] On August 30, 2011, the Court issued an Order directing the petitioner to file his reply no later than September 23, 2011, and the Clerk of Court sent a copy to the petitioner's address of record. The mail was returned as undeliverable, and the Clerk sent the order to the petitioner at an address provided by counsel for the respondent. It appears that the petitioner has been released.

2004)). On that same date, the petitioner was sentenced to a consecutive term of 180 days' imprisonment upon his conviction for escape, followed by a term of three years' supervised release. *Id.*, Ex. B (Judgment, *United States v. Rogers*, No. F2564-04 (D.C. Super. Ct. Aug. 6, 2004)). He was released on January 20, 2009, and was to remain under supervision for 36 months, *id.*, Ex. C (Certificate of Supervised Release dated January 2, 2009) at 1, through January 19, 2010, *id.*, Ex. D (Warrant Application dated July 21, 2010) at 1.

The United States Parole Commission ("USPC") issued a supervision warrant charging the petitioner with six violations of the conditions of his release.[2] Gov't Opp'n, Ex. D at 2. Among other charges, the petitioner allegedly committed an assault on July 7, 2010, and on July 18, 2010, violated a civil protection order issued by the Superior Court. *See id.*, Ex. D at 2. The warrant was executed on July 29, 2010, *id.*, Ex. E (United States Marshal's Return to the United States Parole Commission), and a hearing examiner conducted a probable cause hearing on August 3, 2010, at which the petitioner was represented by counsel. *Id.*, Ex. F (D.C. Probable Cause Hearing Digest) at 1. The hearing examiner found probable cause to believe that the petitioner committed the violations charged. *See id.*, Ex. F at 2-5. The parties scheduled a revocation hearing for September 29, 2010, *id.*, Ex. F at 8, but the hearing was postponed at the request of the petitioner's counsel, *id.*, Ex. G (email message dated September 16, 2010). Counsel was to contact the USPC by email with proposed alternative dates for the revocation hearing within 30 days of the previous hearing date, *id.*, Ex. G, and apparently counsel did not do so, *id.*, Ex. H (email messages dated May 25, 2011 and May 31, 2011).

---

[2] A District of Columbia Code offender is "subject to the authority of the [USPC] until completion of the term of supervised release." D.C. Code § 24-133(c)(2). "For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release." *Anderson v. U.S. Parole Comm'n*, No. 10-cv-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010) (citations omitted).

The revocation hearing eventually took place on July 27, 2011, and the hearing examiner recommended that the petitioner's supervised release be revoked. *See* Gov't Opp'n, Ex. J (USPC Orders dated July 27, 2011). In addition, the hearing examiner proposed that the petitioner serve an additional 14 months' incarceration followed by a new 22-month term of supervised release, and that special conditions include drug and mental health treatment and electronic monitoring. *Id.*, Ex. J. Ultimately, the USPC revoked supervised release and ordered the petitioner to serve a term of 15 months' incarceration from July 29, 2010, the date on which the violator warrant was executed, followed by a new 21- month term of supervised release. *Id.*, Ex. K (Notice of Action dated August 18, 2011) at 1.

## II. DISCUSSION

The petitioner brings this habeas action under 28 U.S.C. §§ 2241 and 2243, alleging that he "has been severely harmed" by his "incarcerat[ion] without bail for (11) eleven months without the right to a parole revocation hearing within a reasonable time." Pet. at 8 (page number designated by the Court). Ordinarily, "[i]f the [hearing] examiner finds probable cause, [he] shall schedule a final revocation hearing to be held within 65 days." 28 C.F.R. § 2.214(a). However, a delay in the revocation hearing "is not itself a valid ground for immediate release," and instead a releasee's "remedy . . . is an action to compel a hearing." *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)). The record demonstrates that the petitioner's final supervised release revocation hearing has taken place, and he is not entitled to mandamus relief. Habeas relief would be available "only . . . where a

petitioner establishes that the [USPC's] delay in holding a revocation hearing was both unreasonable and prejudicial," *Sutherland*, 709 F.2d at 732, and the petitioner's mere allegation of having been "severely harmed" by the delay, Pet. at 8, does not suffice, particularly because the initial delay occurred at the request of the petitioner's counsel.

Now that the petitioner has received the only relief available to him, the Court will deny the habeas petition as moot. *See Vactor v. U.S. Parole Comm'n*, No. 11-1249, 2011 WL 4498802, at *3 (D.D.C. Sept. 29, 2011) ("Now that the probable-cause hearing has been held and the revocation hearing has been scheduled for next week, Petitioner's claim for mandamus relief is moot."); *Simmons v. O'Brien*, No. 7:07-cv-00193, 2007 WL 2669896, at *2 (W.D. Va. Sept. 6, 2007) ("While the delay in the instant case may have been unreasonable as the government concedes that the hearing should have been conducted soon after [the petitioner] returned to federal custody, [the court] find[s] that [his] claim was rendered moot by the . . . rescission hearing" which already had taken place).

## III. CONCLUSION

A District of Columbia prisoner is entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if he establishes that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner does not establish that his custody is unlawful, and his claim arising from the USPC's delay in conducting his supervision revocation hearing is moot. Accordingly, the habeas petition will be denied, and this action will be dismissed. An Order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: October 5, 2011